CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

REBECCA A. PERLMUTTER
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Fax: (808) 541-2958
Email: Rebecca.Perlmutter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Sep 6, 2023, 2:14 pm
Lucy H. Carrillo, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 23-00074 HG |
| Plaintiff, | INFORMATION |
| vs. | [18 U.S.C. §§ 1343 and 1957] |
| NEWTON KALEO DELEON, | |
| Defendant. | |

## INFORMATION

The U.S. Attorney charges:

\\

\\

## COUNT ONE
## Wire Fraud
## (18 U.S.C. § 1343)

Beginning on a specific date unknown, but by at least as early as 2017 and continuing through at least December 2020, the defendant, NEWTON KALEO DELEON, knowingly and intentionally devised a scheme and artifice to defraud, that is to deceive and cheat, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, well knowing at the time that such pretenses, representations, and promises would be and were false when made.

THE OBJECT AND PURPOSE OF THE SCHEME TO DEFRAUD

DELEON solicited money from victim-investors (also referred to as "investors") by falsely promising and representing to them that the money they provided DELEON was for DELEON's flower lei business, "leiorders.com." DELEON well-then knew that almost all of the money he received from victim-investors would and did not go to his leiorders.com business as he had represented to the investors. Instead, DELEON diverted the money to spend on his personal expenses, including gambling and luxury items, such as a Chevrolet Tahoe.

In total, DELEON solicited and received more than $1.2 million from at least 45 victim-investors.

\\

## THE SCHEME TO DEFRAUD

As part of his scheme to defraud and obtain money from investors, DELEON communicated with investors by telephone, text message, and email.

In furtherance of his scheme to defraud and obtain money from investors, DELEON told investors that he needed investment funds to purchase flowers and supplies for lei purchase orders that he had already executed with third parties, such as well-known casino hotels in Las Vegas, Nevada. DELEON also falsely represented that once the leis were delivered to the third parties, the third parties would take approximately one month to pay DELEON and that DELEON would then repay the principal investment loan and split the profit with the investors as a return. DELEON well then knew at the time he made these promises and representations, that they were false and fabricated.

As further part of his scheme to defraud and obtain money from investors, DELEON created loan agreements and promissory notes (the "agreements") for investors to give the false appearance of legitimate financial transactions upon which investors could rely. In the agreements, DELEON promised that DELEON, doing business as leiorders.com, would repay the investors their principal loan investment plus a substantial return within a set time frame, usually approximately one month. DELEON also promised to repay a return of profit, ranging from approximately 10% to 40% and additional fees ranging between approximately

$100 to $500 per day if the principal and return were not repaid by the agreement's designated approximate one-month period. DELEON signed the agreements. In creating and executing the agreements, DELEON well knew that he would not be able to repay the principal or additional return promised in the agreements.

As further part of his scheme to defraud and obtain money from investors, DELEON provided these investors with fictitious and fabricated purchase orders, contracts, and other documents that DELEON created with unauthorized and false branded logos and forged signatures to make it look like DELEON had large business lei orders with third parties, such as for well-known casino hotels in Las Vegas, Nevada. DELEON well knew that these documents were false and fraudulent and that he never had any executed purchase orders or contracts with these third parties.

## THE WIRE COMMUNICATION

For the purpose of executing the scheme to defraud, on or about March 21, 2019, DELEON did knowingly cause victim-investor F.B. to transfer $40,000 to DELEON's bank account at Hawaii Community Federal Credit Union (HCFCU), ending in -5187, by means of a wire communication that travelled through interstate commerce.

All in violation of Title 18, United States Code, Section 1343.

\\

## COUNT TWO
## Money Laundering
## (18 U.S.C. § 1957)

On or about March 21, 2019, in the District of Hawaii and elsewhere, DELEON did knowingly engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from the wire fraud scheme described in Count One, in violation of Title 18, United States Code, Section 1343, that is, DELEON withdrew $20,000 in cash from his Hawaii Credit Federal Credit Union account at a Chase Bank located in Los Angeles, California.

All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE NOTICE

1. The allegations contained in Count One of this Information are incorporated by reference for the purpose of noticing forfeitures pursuant to Title 28, United States Code, Section 2461(c).

2. The United States hereby gives notice to DELEON, the defendant, that, upon conviction of the offense charged in the sole count of this Information, the government will seek forfeiture, in accordance with Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Section 1343, alleged in

Count One of the Information.

3. If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 herein:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States of America will be entitled to the forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

DATED: September 6, 2023, at Honolulu, Hawaii.

CLARE E. CONNORS  
United States Attorney  
District of Hawaii

REBECCA A. PERLMUTTER  
Assistant U.S. Attorney

United States v. Newton Kaleo DeLeon, Cr. No. 23-00074 HG  
Information